UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stephen Haugland                                    Civil No. 03-5299 (JMR/FLN)

    Plaintiff,

v.                                                  **REPORT AND RECOMMENDATION**

Jo Anne B. Barnhart,

    Defendant.

_____

Fay E. Fishman, for Plaintiff.
Lonnie F. Bryan, for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiff Haugland's Petition for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $6,221.88. [#22]. Plaintiff contends he is entitled to an award of attorney's fees under the EAJA because he is the prevailing party in this case and because the Commissioner's position was not substantially justified. Defendant does not dispute the fact that Plaintiff is the prevailing party. Rather, Defendant opposes the motion on the grounds that the Commissioner's position on this matter was substantially justified. Alternatively, Defendant asks the Court to reduce the amount of Plaintiff's requested fees because they are excessive. For the reasons which follow, this Court recommends Plaintiff's Petition be granted.

## I. PROCEDURAL HISTORY

Plaintiff Stephen Haugland applied for SSI and DIB in January 2001. (Tr. 61-63). The Social Security Administration denied his application initially and on reconsideration. (Tr. 35-42; 44). After an administrative hearing, Administrative Law Judge ("ALJ") Diane Townsend-

Anderson awarded benefits to Haugland from November 7, 2000, his alleged onset date, to December 3, 2001. The ALJ concluded, however, that Haugland's medical condition improved as of December 3, 2001, and therefore his disability ended on that date. (Tr. 27-28). After the Appeals Council denied review, Haugland filed a civil action with this Court seeking review of the Commissioner's final decision. [#1]. Both Haugland and the Commissioner moved for summary judgment. [#8; #12]. The undersigned issued a Report and Recommendation ("R & R") in August 2004, which recommended that the motions for summary judgment be denied, that the Commissioner's decision be reversed, and that the case be remanded for further administrative proceedings. Judge James M. Rosenbaum adopted the R & R in September 2004. [#20]. Haugland now requests an award of attorney's fees and expenses under the EAJA, 28 U.S.C. § 2412. [#22].

## II.  DISCUSSION OF LAW

### A.  Legal Standard for Fees under EAJA

The EAJA allows an award of attorney's fees to the prevailing party in adversarial adjudications where the position of the United States was not substantially justified. The EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States...unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). An application under the EAJA must include: proof that the plaintiff was worth less than two million dollars at the time the civil action was filed; a statement of the amount sought; an itemized statement of the actual time spent by the attorney on the case; a statement of the rate at which fees and other expenses have been computed; and an allegation that

the position of the United States was not substantially justified.  See 28 U.S.C. § 2412(d)(1)(B).

The Supreme Court has held that a judgment granting remand is a final judgment for which fees may be granted.  See Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993).  The Commissioner does not dispute that Haugland's application was complete or that he was a "prevailing party" within the meaning of the statute.  The determination of whether Haugland is entitled to a fee award under EAJA depends solely upon whether the Commissioner was substantially justified in her position. See Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003).

The Commissioner bears the burden of proving the denial of benefits was "substantially justified."  See id.; Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991).  To establish substantial justification, the Commissioner must show that the denial of benefits had a reasonable basis in law and fact.  See Welter, 941 F.2d at 676 (citing Pierce v. Underwood, 487 U.S. 552, 565-566 (1988)). The test of whether the Commissioner's position was substantially justified requires a showing that the position was "clearly reasonable, well founded in law and fact, solid though not necessarily correct."  Friends of Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 885 (8th Cir. 1995). This means that the Commissioner's position need only be "justified to a degree that could satisfy a reasonable person" to defeat a claimant's application for attorneys' fees.  Pierce, 487 U.S. at 565. This inquiry involves an evaluation of the Commissioner's position both at the pre-litigation and litigation phases of the case.  See 28 U.S.C. § 2412(d)(1)(B); Iowa Express Distribution, Inc. v. NLRB, 739 F.2d 1305, 1309 (8th Cir. 1984).

Fees are not to be awarded simply because the Commissioner loses the case.  See Welter, 941 F.2d at 676.  The Secretary's position in denying benefits can be substantially justified even if the denial is unsupported by substantial evidence on the record as a whole.  See id.; Jackson v.

Bowen, 807 F.2d 127, 128 (8th Cir. 1986). The rationale underlying this rule is that the substantial evidence and substantial justification standards are different. See Welter, 941 F.2d at 676. As the Eighth Circuit explained:

> Under the substantial evidence standard, the district court must consider evidence that both supports and detracts from the Secretary's position. In contrast, under the substantial justification standard the district court only considers whether there is a reasonable basis in law and fact for the position taken by the Secretary.

Id. (internal citations omitted). Because the standards are neither semantic nor legal equivalents, the Commissioner can lose on the merits of the disability question and win on the application for attorney's fees. See id.

### B. Analysis

#### 1. The Commissioner's Position Was Not Substantially Justified

The position of the Commissioner was not substantially justified under the EAJA. The Commissioner defended the ALJ even though the ALJ erred in assessing Haugland's RFC after December 3, 2001, failed to fully develop the record, wrongly rejected the opinion of the treating doctor, and erred in concluding that Haugland was medically improved. See R & R p. 21-26. The Commissioner's position was not reasonably based in the law and her position therefore was not substantially justified.

The ALJ erred in assessing Haugland's RFC. The Commissioner claims that substantial justification exists for the ALJ's RFC determination because medical evidence suggested that Haugland had improved following surgery. She suggests the record was complete enough to support the ALJ's determination. Def. Mem. p. 3. As this Court noted, however, the record contained no medical opinion from a treating physician regarding Haugland's condition and abilities. Instead, the only evidence of Haugland's impairments was the testimony of the non-examining medical

expert.  See R & R p. 22-23.  An ALJ must establish a claimant's RFC based on medical evidence.  See Vaughn v. Heckler, 741 F.2d 177, 179 (8th Cir. 1984).  The ALJ's determination of Haugland's RFC absent medical evidence was not substantially justified.

The ALJ also failed to develop the record.  For a claimant to obtain a fair determination of his claim for disability, the ALJ must evaluate a complete record.  An ALJ has a duty to develop the record, even where an attorney represented the claimant at the administrative hearing.  See Snead v. Barnhart, 360 F.3d 834, 838 (8th Cir. 2004) (citations omitted); 20 C.F.R. 416.912(e).  This duty to develop the record includes a responsibility to ensure that the record includes evidence from a treating or examining physician pertinent to the particular impairment at issue.  See Strongson v. Barnhart, 361 F.3d 1066, 1071-72 (8th Cir. 2004).  Here, the record before the ALJ was incomplete because it contained insufficient medical evidence regarding Haugland's impairments.  The ALJ's failure to obtain a complete record violated the law and regulations and was not substantially justified.

Because the ALJ erred in assessing Haugland's RFC and failed to fully develop the record, this Court concludes that the Commissioner's defense of the ALJ's decision did not have a reasonable basis in fact or law, and the Commissioner's position was not substantially justified under the EAJA.

    **C.**    **Amount of Fees to be Awarded**

Haugland requests an award of fees in the amount of $6,221.88 for a total of 49 hours billed.[1] Defendant does not dispute the hourly rate requested. Rather, she asserts that the amount of time spent on the case was excessive.

The EAJA allows prevailing plaintiffs to collect fees and other expenses in cases against the United States in which the government's position was not substantially justified. See 28 U.S.C. § 2412(d)(1)(A). The statute includes in "fees and other expenses," the reasonable expenses of expert witnesses; the reasonable cost of any study or analysis necessary for the preparation of the party's case; and reasonable attorney fees. See 28 U.S.C. § (d)(2)(A). Fees awarded pursuant to a fee shifting statute must be reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). The Court may exclude from the fee calculation hours that were not reasonably expended. See id. This exclusion should include hours that are excessive, redundant, or otherwise unnecessary. See id.; Hickey v. Sec'y of HHS, 923 F.2d 585, 586 (8th Cir. 1991) (Social Security claimant's fee award reduced because counsel claimed excessive hours for preparing routine letters, a form complaint, and a motion for summary judgement containing "canned" material).

Haugland seeks fees for 49 hours of work. Defendant contends that Haugland's attorney spent an unreasonable amount of time reviewing the transcript and researching and writing Plaintiff's brief. The Court disagrees. The 49 hours spent preparing and arguing the judicial portion of this social security appeal is not an excessive or unreasonable amount of time. See e.g., Talbott v. Bowen, 832 F.2d 111, 112 (8th Cir. 1987) (63.75 total hours not excessive); Vaughn, 860 F.2d 295, 295-96 (8th Cir. 1988) (93 hours spent on social security appeal is excessive; court awarded fees

---

[1] Haugland requests $5630.13 for 40.75 hours billed at $137.50 an hour, which includes the hours incurred in preparing the Reply to Defendant's Response to the instant motion. He also requests $618.75 for 8.25 paralegal hours billed at $75 an hour.

for 77 hours of work). Here, the medical record was extensive and included both physical and mental health records. The Motion for Summary Judgement asked the Court to reverse the ALJ's decision on three separate bases. This Court believes that 49 hours spent appealing the administrative decision to this Court is not an excessive or unreasonable amount of time. Haugland should be granted attorney's fees in the amount of $6,221.88, the full amount of fees requested.

### III. RECOMMENDATION

Based upon the file, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1) Plaintiff's Petition for Attorney's Fees pursuant to 28 U.S.C. 2412 be **GRANTED;** and

2) The Government be ordered to pay Haugland $6,221.88 in fees and costs.


DATED: July 19, 2005
s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 5, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.